THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

ERIC L. MCMAHAN, JAMES E. COOKE,
CHRISTOPHER E. BROWN, JOSHUA WIGGINS,
ALEXANDER F. BARRANGER, PETER MILTON,
JEFFREY HARRELL, ALEX ROGERS

        Plaintiffs,

v.                      Case No. 2:10-cv-00278

ADEPT PROCESS SERVICES, INC.,

        Defendant.

## PLAINTIFFS' OBJECTION TO DEFENDANT'S BILL OF COSTS

COME NOW the Plaintiffs, by counsel, and hereby Object to Defendant's Bill of Costs previously filed herein and in support of same state the following:

**I.**    **Procedural Background**

The Defendant's Motion for Summary Judgment was granted by this Court on May 24, 2011. Subsequently, Defendant filed various motions for sanctions all of which were denied by this Court by Opinion and Order dated November 28, 2011. On December 7, 2011, Defendant filed a Bill of Costs seeking to tax as costs the sum of $4,323.50 for various litigation expenses.

The Plaintiffs object to the Defendant's Bill of Costs on the grounds that it is untimely pursuant to Local Rule 54(D) and that certain costs are excessive and were not necessarily incurred.

**II.**    **Defendants Bill of Costs is untimely pursuant to Local Rule 54(D)**

Local Rule 54(D) states that a party entitled to costs shall file an appropriate bill of costs within eleven (11) days from the entry of judgment, unless such time is extended by order of the Court. Judgment was entered in this matter by this Court in the form of granting summary

1

judgment for the Defendant on May 24, 2011.  Per the local rule, in order to be timely filed, any bill of costs would have had to be filed by Monday, June 6, 2011 (the 11 day deadline having fallen on Saturday, June 4).  Defendant's Bill of Costs filed on December 7, 2011, some six months later, is therefore untimely and should be denied.

While the Court's order denying the Defendant's various motions for sanctions was entered on November 28, 2011, that decision is not a "judgment" as contemplated by Local Rule 54(D) from which a bill of costs must be filed within eleven days.  Therefore, since the time to file a bill of costs had long passed by December 7, 2011, and since no order of this Court extended the time for filing, the costs must be denied.

**III.     In the alternative, certain costs are excessive and not reasonably necessary**

Although the entire bill of costs should be denied as untimely filed, the Plaintiffs nevertheless will address certain individual costs sought by the Defendant which were excessive and not reasonably necessary.  It is important to note that the prevailing party is not automatically entitled to its costs, as it is within the trial court's discretion to order each party to bear its own costs.  See Constantino v. Am. S/T Achilles, 580 F.2d 121, 123 (4th Cir. 1978).

**A.     An expedited summary judgment hearing transcript was not necessary**

Defendant seeks $67.90 for an expedited transcript of the summary judgment hearing held on May 9, 2011.  The "date ordered" per the invoice submitted in Exhibit A to Defendant's Bill of Costs was May 13, 2011.  Defendant did not need an expedited transcript for a hearing in which it won a motion disposing of the Plaintiffs' entire case.  The case had been decided on the merits at that point in favor of the Defendant.

Further, the Defendant could not have needed an <u>expedited</u> transcript to support its various Motions for Sanctions because those had already been prepared and served on Plaintiffs' counsel

2

prior to the summary judgment hearing per the safe-harbor requirements of Rule 11. Defendant's various sanctions motions were filed on May 18, 2011, which was not pursuant to any time limitation imposed by the Court or any rule or statute, making an expedited transcript wholly unnecessary.

**B.     Ordering all eight (8) plaintiffs' depositions transcripts was not reasonably necessary**

In its bill of costs Defendant seeks $3,893.90 in deposition transcript fees and court reporter appearance fees.   A large percentage of this expense was for obtaining the deposition transcripts of all eight (8) Plaintiffs.   See Exhibit A attached to Defendant's Bill of Costs.

Pursuant to 28 U.S.C. §1920, the only allowable costs associated with obtaining transcripts are for those "necessarily" obtained for use in the case.   In this case, the Plaintiffs were four (4) captains and four (4) deckhands who worked for the Defendant.   The issue for the Court in ruling on Defendant's summary judgment motion was whether or not the Plaintiffs were seamen under the FLSA.   This is determined by examining their actual duties.   One chief issue was whether or not the Plaintiffs standby time while working for the Defendant constituted seaman's work as that term is construed under the FLSA.

It was not reasonably necessary for the Defendant to depose all eight Plaintiffs as the Defendant, in its Motion for Summary Judgment, concedes "the facts on which plaintiff's theory relied were never in dispute, and were known to all parties from the outset of the litigation." (ECF No. 36 p.9).   The deposition testimony of the Plaintiffs bore this out.   An examination of Defendant's Motion for Summary Judgment and memorandum in support show that it considered the Plaintiffs as one collective group of "seaman" and in rare instances would differentiate between the group of captains and the group of deckhands.   The Defendant did not deal with specific individual Plaintiffs in addressing the seaman issue.   This makes the obtaining of all eight

3

transcripts unnecessary.

The use of just one or two transcripts would have been reasonable to support Defendant's argument, as evidenced by its statement above. This made it unnecessary and excessive to order all eight transcripts. This Court should not allow these costs beyond perhaps the transcript of one captain (e.g. James Cooke) and one deckhand (e.g. Peter Milton).

### C. Fees for "printing" should not be allowed as Defendant has not shown them to be properly reimburseable

Defendant seeks $379.60 for "printing" costs and has submitted Exhibit B setting forth an itemized list of various dates, vague item descriptions and costs. It is unclear from the submission whether or not these services were performed by an outside vendor or internally at defense counsel's office. It is unclear whether or not these printing charges were for documents submitted to the Court, produced to Plaintiffs' counsel, and/or simply for the convenience of defense counsel. The Declaration of H. Allen Black does not provide any additional information regarding the nature of these "printing" costs.

"The burden is on the party seeking recovery of photocopying costs to demonstrate the reasons for each copying charge." Ford v. Zalco Realty, Inc., 708 F. Supp. 2d 558, 563 (E.D. Va. 2010). "It is clear that, with respect to copying costs, mere submission of a receipt, without any specification as to 'what was copied,' does not warrant taxation." Mann v. Heckler & Koch Defense, Inc. (E.D. Va. 2011) (quoting Ford, at 563).

The itemization submitted by the Defendant "does not specify what was copied," and therefore these costs should not be taxed. Mann, at 16. The Court in Francisco v. Verizon South, Inc. (E.D. Va. 2011) did not award copying charges because the defendant's explanation was "vague." The same is true here. Defendant's itemization does not specify what was copied or for what purpose those items were copied. Since that information is necessary for the Court to

4

make a proper analysis regarding taxing copying charges as costs, they should be denied to the Defendant for failing to provide that information.

WHEREFORE, the Plaintiffs request this Court to deny costs to the Defendant on the grounds that the bill of costs was untimely filed and, for certain costs as identified herein, were not reasonable or necessary.

        ERIC L. MCMAHAN, JAMES E. COOKE,
        CHRISTOPHER E. BROWN, JOSHUA WIGGINS,
        ALEXANDER F. BARRANGER, PETER MILTON,
        JEFFREY HARRELL, ALEX ROGERS

By:    /s/
      Keith J. Leonard, Esquire
      Virginia Bar number: 65668
      HUFFMAN & HUFFMAN, BROTHERS-IN-LAW, P.L.L.C.
      12300 Warwick Boulevard
      Newport News, VA 23606
      Phone: 757-599-6050
      Fax:   757-591-2784
      kleonard@huffmanhuffman.com
      Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of December, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

H. Allen Black, III, Esquire
Virginia Bar number: 33425
Winston & Strawn, LLP
1700 K. Street, N.W.
Washington, DC 20006
Phone: 202-282-5000
Fax: 202-282-5100 (fax)
hblack@winston.com
Counsel for Adept Process Services, Inc.

      /s/
Keith J. Leonard, Esquire
Virginia Bar number: 65668
Huffman & Huffman, Brothers-In-Law, P.L.L.C.
12300 Warwick Boulevard
Newport News, VA 23606
Phone: 757-599-6050
Fax:   757-591-2784
kleonard@huffmanhuffman.com
Counsel for Plaintiffs